IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL ESTEBAN FLORES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-060-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Daniel Esteban Flores ("Flores"). For the following reasons, Flores's habeas application should be DENIED.

**I. PROCEDURAL HISTORY**

On February 27, 2019, Flores was indicted under Cause No. 77326-E-CR in the 108th Judicial District Court, Potter County, Texas, for sexual assault of a child. (ECF 8-5 at 5). Flores retained an attorney to represent him. (*Id.* at 6). He entered into an open plea of guilty. (*Id.* at 7–17; ECF 8-6). The trial court accepted the plea and heard the testimony of Flores and the victim. (ECF 8-6). Flores was sentenced to a term of imprisonment of five years. (ECF 8-5 at 51–52). Flores's appeal was dismissed on his own motion. (ECF 8-2).

On March 30, 2020, Flores filed a state application for writ of habeas corpus. (ECF 8-8 at 5–17). On October 7, 2020, the petition was denied by the Court of Criminal Appeals of Texas without written order. (ECF 8-7).

Flores timely filed his federal application for writ of habeas corpus.

## II. PETITIONER'S ALLEGATIONS

Flores asserts one ground in support of his application, contending that he received ineffective assistance of counsel because his attorney failed to adequately consult with him, failed to adequately investigate the facts, failed to competently advise him whether to plead guilty on an open plea, and failed to adequately cross-examine the victim at sentencing. In addition, counsel misadvised Flores about the sentence he faced. (ECF 1 at 2–3).

## III. STANDARDS OF REVIEW

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed

every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.    Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial

cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Flores alleges that his plea was not knowing and voluntary due to ineffective assistance of counsel. First, he says that counsel "failed to adequately consult with [him]." (ECF 1 at 2). He does not explain, however, how counsel failed to consult and why such conduct was deficient. His conclusory allegations do not meet the *Strickland* test. *Miller*, 200 F.3d at 282.

Second, he says counsel "failed to adequately investigate the facts and circumstances of the case and failed to interview witnesses or the victim." (*Id.*). Again, he fails to spell out exactly what counsel was to have done and why it would have made any difference. One who alleges failure to investigate must allege with specificity what the investigation would have revealed and

4

how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

Third, Flores says counsel "misadvised" him about the sentence, "telling him that he would only be sentenced to probation and would not have to register as a sex offender." (ECF 1 at 2[1]). Even if true, and it is not,[2] what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Fourth, Flores says counsel "failed to meaningfully cross-examine the victim" and "did not even attempt to interview her." (ECF 1 at 2–3). Flores fails to explain what he would have learned had counsel attempted to interview the victim and how that would have changed the outcome. Again, the allegation is conclusory and does not meet the *Strickland* test.[3] *Miller*, 200 F.3d at 282.

The contention that Flores's plea was not knowing and voluntary is belied by the record, which reflects that the trial judge admonished Flores and made certain that he understood the charge against him and the sentence he faced. (ECF 8-6). His solemn declarations in open court are entitled to a presumption of verity.[4] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise,

---

[1] The Court notes that this allegation appears to be embellished as well as unsupported. In his state writ application, Flores represented that counsel told him "that he (Counsel) was confident that [Flores] would get probation and that [Flores] would not be placed on the sexual offender list." (ECF 8-8 at 9).

[2] The record reflects that Flores was admonished regarding sex offender registration. (ECF 8-8 at 64). Further, counsel advised him that the best possibility of obtaining probation was through an open plea. (*Id.* at 33–34).

[3] Of course, failing to meaningfully cross-examine a witness at sentencing, even if true, has no bearing on the voluntariness of the plea.

[4] As Flores himself notes, his testimony is entitled to even more significance given that he was admonished

5

documents he signed, (ECF 8-5 at 8–18), are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Flores has made no attempt to do so.

Here, Flores's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason outside Flores's *ipse dixit* to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

In denying state habeas relief, the Court of Criminal Appeals necessarily accepted as true the affidavit of Flores's counsel and rejected Flores's allegations. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Flores has not shown that the state court's application of the *Strickland* standard was unreasonable.[5] *Harrington*, 562 U.S. at 101, 105.

---

by the trial judge in open court. (ECF 11 at 16 (citing *United States v. Kayode*, 777 F.3d 719, 729 n.9 (5th Cir. 2014)).

[5] In this regard, the Court cannot now consider evidence that was not presented to the state court. *Cullen*, 563 U.S. at 181; *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (federal courts are not an alternative forum for trying facts and issues a prisoner has made insufficient effort to pursue in state court). Thus, the Court is disregarding the transcript attached to the petition. (ECF 1-1). The transcript would not establish Flores's right to relief in any event.

## V. RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by Petitioner, Daniel Esteban Flores, be DENIED.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 10, 2023.

*[signature: Lee Ann Reno]*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).